IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                               Civ. No. 98-436 LH/LCS  
                                                                   Crim. No. 97-477 LH

RAUL GERARDO CALDERON-LOERA,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Defendant-Movant's (Defendant) Petition Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Petition), filed April 13, 1998. The Defendant is attacking the judgment he received in Crim. No. 97-477 LH after entering into a plea agreement for illegal reentry to the United States after deportation. The bases of the attack are grounded in claims of ineffective assistance of counsel. Those claims are as follows:

    a. Counsel failed to challenge the district court's sentencing which allegedly resulted in the Defendant being sentenced to a term of imprisonment greater than that allowed by the statute under which the Defendant was convicted;

    b. Counsel failed to challenge the district court's 16-level upward adjustment under U.S.S.G. §2L1.2 (b)(1)(A); and

1

  c.  Counsel failed to argue at sentencing that a downward departure was warranted under U.S.S.G. §§5K2.0 and 5H1.6 because of the Defendant's cultural assimilation in the United States.  Petition at 5.

  2.  The preferred procedure for reviewing ineffective assistance of counsel claims is to bring them by way of habeas corpus or other supplemental proceedings in the trial court rather than as a part of the direct appeal.  **Clark v. Tansy**, 13 F.3d 1407, 1412 (10th Cir. 1993).  To state a claim of ineffective assistance of counsel in the context of a guilty plea, the inmate must establish that his attorney's performance fell below objective standards of reasonableness and that there is a reasonable probability that but for counsel's errors, the inmate would not have pled guilty.  **See Hill v. Lockhart**, 474 U.S. 52, 58-59 (1985); **Strickland v. Washington**, 466 U.S. 668, 687-94 (1984).

  3.  The Defendant argues first that his counsel was ineffective because he failed to challenge the district court's sentence which allegedly did not reflect the term of imprisonment allowed by the statute for the offense at issue.  The district court sentenced the Defendant to 51 months imprisonment for violations of 8 U.S.C. §§1326(a)(illegal reentry) and 1326(b)(2)(illegal reentry after a prior deportation for commission of an aggravated felony). The Defendant claims that he pled guilty only to a violation of 8 U.S.C. §1326(a) which carries a maximum penalty of two years.   Section 1326(b)(2) carries a maximum sentence of 20 years.

  4.  The Defendant's assertion that he pled guilty to only §1326(a) is disingenuous for several reasons.  First, in his own §2255 petition, the Defendant states that he pled guilty to the Indictment.  Petition at 2.  The Indictment states that the Defendant was in violation of §§1326(a) and 1326(b)(2).  Exhibit 1 (attached to United States' Response to Defendant/Movant's Motion

to Vacate, Set aside or Correct Sentence (Response), filed May 22, 1998).  The plea agreement likewise states that the Defendant pled guilty to both  §§1326(a) and 1326(b)(2).  Exhibit 2, Plea Agreement at 2 (attached to Response).  In addition, the Defendant does not contend that the plea hearing was improper in any way.  Under these circumstances, I cannot find that counsel's performance fell below objective standards of reasonableness when he failed to challenge the statutory bases for the Defendant's sentence of 51 months.  Consequently, I find no merit to the Defendant's first allegation of ineffective assistance of counsel.

     5.  The Defendant argues next that his counsel was ineffective because he failed to challenge the district court's 16-level upward adjustment pursuant to U.S.S.G. §2L1.2(b)(1)(A).  Section 2L1.2(b)(1)(A) states that if one unlawfully enters or remains in the United States after having been previously deported for being convicted of an aggravated felony, the base offense level is increased by 16 levels.  The Defendant asserts that his prior felony conviction of possession of heroin is a minor offense and does not subject him to the 16-level increase.  Felony possession of a controlled substance, however, is considered an aggravated felony for §2L1.2(b)(1)(A) purposes.  **See United States v. Valenzuela-Escalante**, 130 F.3d 944 (10th Cir. 1997).  Accordingly, Defendant's counsel was not obligated to argue otherwise.  I find, therefore, that counsel did not act unreasonably by failing to challenge the §2L1.2(b)(1)(A) requirement of a 16-level increase.  Thus, counsel did not provide ineffective assistance of counsel in that respect.

     6.  The Defendant contends lastly that his counsel was ineffective for failing to argue that the Defendant was entitled to a downward departure based on his cultural assimilation.  The

Defendant argues that U.S.S.G. §§5K2.0 and 5H1.6 would have allowed such a departure.[1]  Two courts have addressed the issue of whether ineffective assistance of counsel can be a basis for a downward departure from the sentencing guidelines.  **United States v. Martinez**, 136 F.3d 972, 980 (4th Cir. 1998) stated that:

> We are of [sic] opinion that a downward departure based on ineffective assistance of counsel is impermissible because it would be inconsistent with the structure and theory of the relevant guidelines. (Citation omitted).  The Sentencing Reform Act suggests that which constitutes appropriate sentencing concerns.  It refers to the "nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. §3553(a)(1).  Counsel's competency cannot fairly be characterized as relating to either of these concerns.

In a slightly different factual context, **United States v. Crippen**, 961 F.2d 882, 885 (9th Cir. 1992)(cited in **Martinez**, 136 F.3d at 980) held that:

> In deciding whether ineffective assistance of counsel in a prior state proceeding may constitute a proper basis for departure, we must determine whether such departures would be consistent with the purposes of the Sentencing Reform Act.  We find nothing in the Act which so indicates.  The receipt of ineffective assistance of counsel is simply not a "mitigating or aggravating" circumstance or otherwise a sentencing factor pursuant to [18 U.S.C.] §3553(a).

Relying upon the logic and reasoning of both **Martinez** and **Crippen**, I find that the Defendant's claim of ineffective assistance of counsel for failing to argue a downward departure is without merit.[2]  In sum, I conclude that the Defendant's §2255 petition should be denied and this matter

---

[1] The Plaintiff-Respondent (USA) stated in its Response that it could find no cases allowing for a downward departure based on cultural assimilation.  In fact, one such case exists, **United States v. Lipman**, 133 F.3d 726 (9th Cir. 1997).

[2] The USA also argues that since the Defendant did not raise the cultural assimilation issue before the sentencing court that issue is subject to dismissal for being procedurally defaulted.  Response at 3.  Because the cultural assimilation issue is before this Court in an ineffective assistance of counsel stance, it is properly brought in a §2255 petition.  **See supra Clark v. Tansy**, 13 F.3d 1407, 1412 (10th Cir. 1993).

4

dismissed with prejudice.

## Recommended Disposition

I recommend denying the Petition Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissing this cause with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE